UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X  06 CV 2676 (NG) (RLM)

WARNER BROS. ENTERTAINMENT, INC.,

                  Plaintiff,

-against-

RALPH CARSAGNO,

                  Defendant.

------------------------------------------------------------X

**GERSHON, United States District Judge:**

By order dated October 26, 2006, the court granted default judgment in favor of plaintiff and referred the matter to the Honorable Roanne L. Mann, United States Magistrate Judge, for a report and recommendation concerning the relief, if any, that should be granted to the plaintiff. On May 9, 2007, Judge Mann issued a report and recommendation recommending that the defendant be permanently enjoined from infringing plaintiff's copyrights and that the plaintiff be awarded $6,000 in statutory damages, $735 in attorney's fees, and $575.81 in costs. Defendant has not filed any objections.

The unopposed Report and Recommendation of Magistrate Judge Mann is hereby adopted by the court. For the reasons stated by Judge Mann, an injunction will be entered enjoining defendant from infringing plaintiff's copyrights, and defendant is directed to pay the plaintiff damages in the amount of $6,000, attorney's fees in the amount of $735, and costs in the amount of $575.81, for a total award of $7,310.81.

The Clerk of Court is directed to enter judgment against the defendant in the sum of $7,310.81 and to enter a permanent injunction as follows:

Defendant shall be and is hereby enjoined from directly or indirectly infringing plaintiff's rights under federal or state law in the copyrighted motion picture *Million Dollar Baby*, and any other motion picture, whether now in existence or later created, that is owned or controlled by plaintiff (or any parent, subsidiary, or affiliate of parent) ("Plaintiff's Motion Pictures"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiff's Motion Pictures, to distribute (i.e., upload) any of Plaintiff's Motion Pictures, or to make any of Plaintiff's Motion Pictures available for distribution to the public, except pursuant to a lawful license or with express authority of plaintiff. Defendant also shall destroy all copies of Plaintiff's Motion Pictures that defendant has downloaded onto any computer hard drive or server without plaintiff's authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in defendant's possession, custody, or control.

**SO ORDERED.**

s/NG

**NINA GERSHON**
**United States District Judge**

Dated: Brooklyn, New York
~~May~~ June 1, 2007